## Toledo, St. Louis & Western Railroad Company v. Allen Varner.

RAILROADS—*duty of, to maintain sufficient division fences.* The duty imposed by statute upon a railroad company to maintain sufficient fences on both sides of its track is an ever-present, continuing duty, and when it becomes necessary to rebuild or repair such fences the railroad company must see to it that the fences are rebuilt or repaired in such manner as not to interfere with their efficiency during the progress of the work.

Action commenced before justice of the peace. Appeal from the Circuit Court of Edgar county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the May term, 1907. Affirmed. Opinion filed December 7, 1907.

C. A. SCHMETTAU, EUGENE RHEINFRANK and F. C. VAN SELLAR, for appellant; CLARENCE BROWN, of counsel.

SHEPHERD & TROGDON, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is a suit by appellee against appellant to re-

cover damages for the killing of a mare alleged to have escaped from appellee's pasture on to appellant's right of way through a defective fence, which it was the duty of appellant to maintain. A trial by jury resulted in a verdict and judgment against appellant for $100, which amount included an attorney's fee of $20.

Appellee owned a tract of land containing 140 acres adjoining the right of way of appellant in which he pastured his horses, and which was also occupied by one Mitchell as a tenant upon shares. That the right of way fence was defective is admitted by appellant and it is not seriously insisted that the mare was not killed upon appellant's track. Appellant seeks to escape liability for damages upon the ground that as the tenant, Mitchell, had notice of its intention to rebuild and repair the fence, it had the right to tear the fence down and rebuild and repair it, and that it was relieved from any liability for the killing of stock during the time the fence was being so rebuilt and repaired, providing the work was done in a reasonably prompt manner. It is urged that sections 65 and 66 of chapter 114 of the Revised Statutes, which provide in substance that whenever a railroad corporation shall neglect or refuse to rebuild its fence, the owner or occupant of the land adjoining such railroad may give notice in writing to such railroad to rebuild or repair said fence, and if the party so notified shall refuse to rebuild or repair said fence, the owner or occupant of the land required to be fenced shall have the right to enter upon the land and track of said railroad company and may rebuild or repair said fence and recover from the company double the value thereof, operates to relieve appellant from any liability upon giving notice to the occupant alone that it proposes to rebuild or repair its fence. The sections of the statute referred to bear no relation in the remotest degree to the statutory liability imposed upon

appellant for the killing of any stock which may have gone upon its track through an insufficient fence. But conceding the correctness of appellant's position the facts disclosed by the evidence do not support its contention. It is uncontroverted, that notwithstanding the tenancy of Mitchell, the exact character of which does not appear, appellee had the right to pasture his horses on his land, and that Mitchell had no duty to perform with reference to the horses. Appellee then was an occupant of the land and it is not claimed that he had any notice of appellant's intention to tear down and rebuild or repair its fence.

The duty imposed by statute upon a railroad company to maintain sufficient fences on both sides of its track is an ever-present, continuing duty, and when it becomes necessary to rebuild or repair such fences, the railroad company must see to it that the fences are rebuilt or repaired in such manner as not to interfere with their efficiency during the progress of the work.

The record is free from error prejudicial to appellant and the judgment will be affirmed.

*Affirmed.*